790 F.2d 1260
 UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph MANZELLA, Jr., Hubert T. Crabtree, Harold Blanchard,
Joseph Robert Provenzano, Herbert Thibodaux,
Joseph Jimenez, Jr., and Dr. Salvatore
Canale, Defendants-Appellants.
 No. 85-3050.
 United States Court of Appeals,
Fifth Circuit.
 June 4, 1986.
 
 Daniel A. McGovern, IV, New Orleans, La. (Court-appointed), for manzella.
 G. Patrick Hand, Jr., New Orleans, La., for Thibodaux.
 John-Michael Lawrence and Wm. J. O'Hara, III, New Orleans, La., for Crabtree.
 Provino Mosca and Patrick Fanning, New Orleans, La., for Provenzano.
 Edward J. Castaing, Jr., New Orleans, La. (Court-appointed), for Blanchard.
 Virginia L. Schlueter, Asst. Federal Public Defender, New Orleans, La., for Jimenez.
 Ralph Capitelli, New Orleans, La., for Dr. Canale.
 Louis M. Fischer, Crim. Sec., Appellate Div., Justice Dept., Washington, D.C., and Virginia Bitzer, Justice Dept., New Orleans Strike Force, New Orleans, La., for U.S.
 
 
 1
 Appeals from the United States District Court for the Eastern District of Louisiana.
 
 
 2
 ON PETITIONS FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC
 
 
 3
 (Opinion 02/13/86, 5 Cir., 1986, 782 F.2d 533)
 
 
 4
 Before GEE and JOHNSON, Circuit Judges, and SCHWARTZ*, District Judge.
 
 PER CURIAM:
 
 5
 The Petitions for Rehearing are DENIED and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Federal Rules of Appellate Procedure and Local Rule 35), the Suggestion for Rehearing En Banc is DENIED.
 
 
 6
 Rehearing of this matter would serve no useful purpose, however, we write briefly to address a matter raised in the petition for rehearing filed by defendant-appellant Provenzano. In both United States v. Harrelson, 754 F.2d 1153, and United States v. Herring, 568 F.2d 1099 (5th Cir.1978), we recognized a strict standard for "during trial" publicity breaches. In this case, the trial judge does not appear to have followed the two-step procedure set out in United States v. Herring and cited in Harrelson.
 
 
 7
 The information contained in a newspaper article that came to the attention of at least some of the jurors, particularly the information about Provenzano's prior conviction, could have been prejudicial to Provenzano. Therefore, the Court should have made an inquiry to "determine the likelihood that the damaging material has in fact reached the jury." United States v. Herring, supra, at 1105. Such an inquiry was particularly important in this case because the trial judge had not instructed the jury, before it was exposed to outside information, "not to examine at all any external information on the case." Indeed, at one point the trial judge indicated that he did not believe that it was appropriate to give the jury such an instruction, stating that he thought it was "far more useful to the administration of justice, in fairness to the defendants and the whole process of fair jury proceedings, to tell them to disregard it rather than to have them cut off a part of their lives." Additionally, when the trial judge did give a cautionary instruction, he did not instruct the jury not to examine at all any external information, but only to disregard such information. See Harrelson, supra, at 1168. Concedely, however, he did suggest that the jury avoid such information.
 
 
 8
 Finally, the voir dire that was conducted fell somewhat short of the neutral kind that Herring recommends. See also Harrelson, supra, at 1163, especially since the judge actually mentioned to one of the jurors that the article contained information about Provenzano's prior conviction. In sum, taken together, the trial judge's actions in this matter were technically improper and contrary to the established procedures in this circuit. However, upon review of the entire record, we conclude that such an error was insufficient to constitute grounds for reversal.
 
 
 
 *
 District Judge of the Eastern District of Louisiana, sitting by designation